IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRET JOHNSON, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 06-764 |
| | § | |
| OFFICER H. GRAVES (BADGE #383); | § | |
| SGT. B. FRANKLAND (BADGE #770) & | § | |
| OFFICER J. MILLO (#367) | § | |
|    DEFENDANTS. | § | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME TO RESPOND TO OFFICERS GRAVES AND FRANKLAND'S MOTION FOR SUMMARY JUDGMENT

TO THIS HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, Officer Herbert Graves and Sergeant B. Frankland, who file this opposition to the Plaintiff's motion for leave to extend the time to respond to Defendants' motion for summary judgment and in support thereof, and would respectfully show this Court as follows:

### ARGUMENT AND AUTHORITIES

1. Rule 6(b) of the Federal Rules of Civil Procedure authorizes a presiding court to enlarge the period to permit an act be done where the party seeking additional time shows the failure to act was the result of excusable neglect. FED. R. CIV. P. 6(b); *Hetzel v. Brthlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). The determination to extend a deadline is an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the reason for the delay, including whether it was within the reasonable control of the requestor, (2) whether the requestor acted in good faith; (3) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings;. *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993); see also *Donald v.*

*Cook County Sheriff's Dept.*, 95 F.3d 548, 558 (7th Cir. 1996) (party asking for additional time after a deadline has passed required to show good cause and excusable neglect).

**<u>No Showing of Excusable Neglect</u>**

2.  Although it is undeniably his burden, the Plaintiff fails to show his failure to timely file a response to the Officers' motion for summary judgment was the result of *excusable* neglect. Instead, Plaintiff represents no more than that "Plaintiff's response to the motion for summary judgment is due." {*Doc no. 23, ¶ 1*}. To the contrary, however, the Plaintiff's response is overdue and past due – not merely due. Tacitly acknowledging his failure to file a timely response by filing a request to extend the time within which to respond, the Plaintiff only argues that his counsel; (1) did not realize Officers Graves and Frankland moved for summary judgment and (2) thought that only Officer Millo moved for summary judgment. {*Doc no. 23, ¶ 1*}. Particularly since there is no question Plaintiff's counsel timely received the motions, the Plaintiff's arguments simply fail to establish a showing of excusable neglect under FED. R. CIV. P. 6(b); *Hetzel*, 50 F.3d at 367.

**<u>*No Showing of Good Faith*</u>**

3.  Moreover, the record disproves any showing of good faith. "In assessing the culpability of [] counsel, [courts] give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Pioneer Investment Services Company*, 507 U.S. at 398, 113 S. Ct. at 1499. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Investment Services Company*, 507 U.S. at 392, 113 S. Ct. at 1496.

4.  "For example, neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules."

*Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2nd Cir. 1997); situations which are not claimed, and do not exist in the instant matter. Moreover, while "a court may properly find excusable neglect on such grounds"…"failure to follow the clear dictates of a court rule will generally not constitute excusable neglect." *Id*.

5. Notably, *Pioneer* involved a circumstance in which the Court discussed a "dramatic ambiguity in the notification" to the party's attorney and how this was "outside the ordinary course" in the relevant cases. *Pioneer Investment Services Company*, 507 U.S. at 398, 113 S. Ct. at 1499-1500. The proffered reason for the mistake is a pivotal factor in determining whether neglect may be considered excusable. See *Hospital del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) (per curiam). Where, as here, counsel fails to offer a persuasive justification for failing to comply with FED. R. CIV. P. 6(b) and the District Court's docket control Order, there is no basis for finding that the movant's contravention of the general rule is excusable. See *Kyle v. Campbell Soup Co*., 28 F.3d 928, 931-32 (9th Cir. 1994); *Dimmitt v. Ockenfels*, 407 F.3d 21, 25 (1st Cir. 2005). The reason for delay in the instant case was wholly within the Plaintiff's control and he has failed to establish that he acted in good faith.

### *Defendants Will Suffer Prejudice*

6. The Court also should deny the Plaintiff's request to file an untimely response to the Officers' motion for summary judgment because they will suffer prejudice by the late filing. This case has been on file since December 5, 2006. {*Doc no. 1*}. On May 9, 2007, a Docket Control Order was entered requiring dispositive motions filed by January 11, 2008; responses thereto by February 1, 2008; and replies to responses by February 8, 2008. {*Doc no. 10*}. After conducting a status conference, on December 6, 2007, this Court entered an amended Scheduling Order {*Doc no. 15*}

incorporating the same deadlines regarding filing dispositive motions, responses and replies and also set the following additional deadlines:

| | |
|---|---|
| Defendants' Expert Witness Disclosure | March 7, 2008 |
| Discovery Completion Deadline | April 18, 2008 |
| Joint Pretrial Order Filing Deadline | May 12, 2008 |
| Docket Call | May 23, 2008 |
| Trial | May 27, 2008 |

7.  In accordance with the Court's Scheduling Order, all the Officers moved for summary judgment by January 11, 2008. {*Doc nos. 16-19*}. The Plaintiff, thereafter, moved the Court for leave to extend the time by which the Plaintiff was required to respond to Officer Millo's motion for summary judgment until February 11, 2008. {*Doc no. 20*}. The Officers did not oppose this requested extension and the Court granted the Plaintiff's request. {*Doc no. 20-21*}.

8.  The Plaintiff failed to file any response to Officers Graves and Frankland's motion for summary judgment by the February 1, 2008 deadline, or even by the extended February 11, 2008 deadline by which the Plaintiff was allowed to respond to Officer Millo's motion for summary judgment. Likewise, the deadlines for the Officers to file any reply briefing passed. The Plaintiff did not file any proposed response to Officers Grave's and Frankland's motion for summary judgment until February 27, 2008. {*Doc nos. 23-24*}.

9.  If the Court permits the Plaintiff to file his untimely response, the Officers will be required to prepare responsive briefing and appropriate objections to the Plaintiff's response. This will be extremely difficult for the Officers' counsels because they will be in trial in Federal District Court in Galveston during the week of March 3rd. Additionally, because the Plaintiff has improperly

submitted five entire deposition transcripts, in addition to other exhibits; the Officers' response and objections to the evidence submitted by the Plaintiff will require a substantial amount of time. Compare *Malacara v. Garber*, 353 F.3d 393, 404-05 (5th Cir. 2003). As such, not only must the Officers respond to the briefing and potentially relevant evidence, they must also make appropriate detailed objections to clearly inadmissible evidence because unexcerpted, entire transcripts have been submitted by the Plaintiff. See *De La O v. Housing Authority of the City of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

10. Moreover, the Officers' expert witness designation deadline is March 7, 2008 and the Officers' counsel will also be precluded from adequately addressing this important deadline if required to scramble to respond to the Plaintiff's response at this late point. As well, the Court's analysis of the summary judgment record and decision on the Officers' motion for summary judgment will likely necessarily be delayed if additional briefing, objections and evidence must be considered. This delay, in addition to delaying the prompt resolution of the litigation, will also likely require the Officers' counsel to prepare and file pre-trial materials before learning of the Court's decision on the pending motion for summary judgment. Accordingly, the Officers will be substantially prejudiced if the Court permits the Plaintiff to file his response to summary judgment at this late date.

### *Adverse Impact on Proceedings*

11. In addition to the prejudice to the Officers, permitting the Plaintiff to file his untimely response will also adversely impact the proceedings more generally. The Court understandably requires adequate time to analyze and consider motions for summary judgment and presumably arranged its schedule in accordance with deadlines in the Scheduling Order to accommodate for

5

resolution of the summary judgment and trial, if necessary. That previously established litigation timetable will have to be altered if the Plaintiff is permitted to protract resolution of the case as he seeks to do by this late filing.

## **PRAYER**

12. FOR THE FOREGOING REASONS, the Defendants respectfully move this Court to deny the Plaintiff leave to file an untimely response to the Defendants' motion for summary judgment, and afford the Defendants all other relief to which they are justly entitled in law and equity.

Respectfully Submitted,

/S/ Norman Ray Giles
WILLIAM S. HELFAND
Attorney-in-charge
SBOT: 09388250
Fed. I.D. No. 8791
NORMAN RAY GILES
SBOT: 24014084
Fed. I.D. No. 26966

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 (Fax)
***ATTORNEYS FOR DEFENDANTS***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 29th day of February, 2008.

    Anthony P. Griffin
    A Griffin Lawyers
    115 Moody
    Galveston, Texas 77550

                                        /S/ Norman Ray Giles