UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRET JOHNSON, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. G-06-764 |
| } | |
| H. GRAVES, *et al*, } | |
| } | |
| Defendant. } | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND UNOPPOSED MOTION TO DISMISS

On January 11, 2008, Defendant Millo filed a Motion for Summary Judgment in this case (Doc. No. 16). On that same day, a Motion for Summary Judgment was also filed by Defendants Graves and Frankland (Doc. No. 18). On February 11, 2008, Plaintiff filed an Unopposed Motion to Dismiss the claims against Defendant Millo (Doc. No. 22). Plaintiff's Motion to Dismiss (Doc. No. 22) is **GRANTED,** and the claims against Defendant Millo are **DISMISSED WITH PREJUDICE**. Accordingly, Defendant Millo's Motion for Summary Judgment (Doc. No. 16) is **MOOT**.

Still pending before the Court is Defendant Graves and Frankland's Motion for Summary Judgment (Doc. No. 18). That Motion was set for submission to the Court for consideration on January 31, 2008. Plaintiff did not file a Response by that date, even though the Motion was represented to be opposed. Plaintiff did ultimately file a Response together with a Motion for Extension of Time on February 27, 2008. Defendants oppose the Motion for Extension of Time. For the reasons outlined below, Plaintiff's Motion (Doc. No. 18) is **GRANTED.**

Plaintiff's counsel admits in the Motion that he inadvertently missed the deadline

for response to Defendant's Motion to Dismiss because he was unaware that the Motion had been filed. Defendants respond that allowing Plaintiff's extension would not be in keeping with Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and would prejudice Defendants.

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether there is excusable neglect justifying an extension, the Court considers "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156 n.8 (5th Cir. 2006) (citing *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980)).

Defendants argue that Plaintiff's counsel's delay was not excusable neglect and was not in good faith. Defendants support this argument by pointing out that the delay was in Plaintiff's counsel's control. While it is true that counsel was wholly to blame for the delay, the Court finds that the mistake was merely inadvertent and was in good faith. This finding is based on the facts that Plaintiff had not previously sought any extensions to respond to this Motion and as soon as the delay was brought to Plaintiff's counsel's attention, he filed a response as quickly as can reasonable be expected. The Court is willing to excuse this mistake.

Defendants also argue that they will be prejudiced by the extension since their attorneys are in trial in a sister Federal Court and will be unable to reply to Plaintiff's Response. Additionally, Defendants argue that they will be prejudiced because Plaintiff's Response contains inappropriate evidence, raising issues that they will need to address. These arguments would have been equally applicable to a timely Response and do not show that a delay of less

than one month will prejudice them. Moreover, delays of one month (and sometimes much more) in consideration of a Motion for Summary Judgment are fairly routine and will not significantly impact these judicial proceedings. However, in consideration of Defendants' argument, the Court will allow Defendants until March 21, 2008 to file a Reply to Plaintiff's Response, should they choose to do so. The Court will consider Defendants' Motion for Summary Judgment once said Reply is filed or on March 21, 2008, whichever comes first.

For the reasons outline above, Plaintiff's Motion to Extend Time (Doc. No. 18) is **GRANTED**.

SIGNED at Houston, Texas, this 12th day of March, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE